UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MATTHEW HOLETON** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION "___" (___)** |
| | * | |
| **ISLAND OPERATING COMPANY, INC.,** | * | **JUDGE:** |
| **WALTER OIL & GAS CORPORATION,** | * | |
| **AND ABC CLEANING COMPANY** | * | **MAGISTRATE:** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **MATTHEW HOLETON**, who respectfully represents:

### I. PARTIES

1.   Plaintiff, MATTHEW HOLETON (hereinafter referred to as "Plaintiff"), brings this Civil Action under the Outer Continental Shelf Lands Act ("OCSLA"), 43 USC Section 1333 *et. seq.*, with pendent and/or ancillary state claims under Louisiana Civil Code Articles 2315, 2317, 2317.1, and/or 2322.

2.   Plaintiff is a citizen of the United States and is a resident of the State of Louisiana in the Parish of St. James.

3.   Defendant ISLAND OPERATING COMPANY, INC. (hereinafter referred to as "ISLAND OPERATING") is a business corporation domiciled in the State of Louisiana, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and, further, is the operator and/or subcontractor of the fixed platform involved herein.

4.   Defendant WALTER OIL & GAS CORPORATION (hereinafter referred to as "WALTER") is a business corporation domiciled in the State of Texas, which entity, at all times

pertinent hereto, was licensed to do and doing business in the State of Louisiana and, further, was the owner and/or operator of the fixed platform involved herein.

5.     Defendant ABC CLEANING COMPANY (hereinafter referred to as "ABC CLEANING") is a business company whose name, domicile and principal place of business are currently unknown, which entity, was hired by Defendant ISLAND OPERATING and/or Defendant WALTER to assist in cleaning the fixed platform involved.

## II. JURISDICTION AND VENUE

6.     Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. Section 1331 and/or 43 U.S.C. § 1349.

7.     Venue is proper in this court pursuant to 28 U.S.C. Section 1391, as the event made the basis of this litigation occurred on the Outer Continental Shelf approximately 25 miles South of the Parish of Lafourche.

## III. FACTS AND GENERAL ALLEGATIONS

8.     At all times relevant herein, Plaintiff was working in the course and scope of his employment for Rotorcraft as a captain and pilot of a Bell 407 helicopter, bearing FAA registration number N311RL. Plaintiff was working on the Outer Continental Shelf, offshore of Lafourche Parish, Louisiana in the Gulf of Mexico, on the platform South Timbalier (ST) 127A. By virtue of his employment, Plaintiff was engaged in transporting oil field workers and equipment from Louisiana to platforms and/or from platform to platform in the Gulf of Mexico on the Outer Continental Shelf for the purpose of exploring and developing natural resources.

9.     In early June 2015, an unplanned glycol release occurred aboard the offshore platform ST 127A, which covered the platform decks and helideck with glycol. The glycol on the platform decks subsequently caught fire but self-extinguished.

10. On or about June 24, 2015, another unplanned glycol release occurred aboard the offshore platform ST 127A, which covered the platform decks and helideck with glycol. The glycol on the platform decks subsequently caught fire. Defendants, ISLAND OPERATING and/or WALTER, extinguished the fire without the involvement of the United States Coast Guard. After the glycol release and fire, the entire platform remained covered in glycol residue and some parts had fire damage, all of which needed to be cleaned. Defendants ISLAND OPERATING and/or WALTER contracted with Defendant ABC CLEANING to assist in the cleanup including removing glycol from the various surfaces and decks of the platform.

11. On or about June 28, 2015, Plaintiff was in route to ST 127A with three ISLAND OPERATING employees and an employee of Greene's Energy Group when he noticed thunderstorm activity approaching ST 127A. Plaintiff landed on ST 220 and shut down the helicopter to monitor the weather. After the thunderstorm activity dissipated, Plaintiff proceeded to ST 127A. Plaintiff landed on ST 127A at approximately 9:10 AM, and the passengers disembarked to assess the glycol unit. At the time of landing, the weather conditions were cloudy with a South/South Eastern wind speed of 20 to 25 knots.

12. At approximately 9:45 AM on June 28, 2015, Plaintiff was informed that his passengers were ready to depart ST 127A for offshore platform Ship Shoal (SS) 189B. Weather conditions at the time were cloudy with a South/South Eastern wind at 20 to 25 knots. Plaintiff initiated preflight procedures and engine start up with no unusual wind conditions. Before the helicopter rotors began turning, the helicopter slid off of the improperly cleaned and/or maintained helideck onto the Gulf of Mexico causing severe and debilitating injuries to Plaintiff's mind and body including, but not limited to, his back and spine, which were broken after impact with the water by the floats on the helicopter landing gear skids, which Plaintiff

deployed as the helicopter plummeted approximately 80 feet onto the Gulf.

13. Defendants, ISLAND OPERATING, WALTER, and ABC CLEANING failed to exercise reasonable care in ensuring the helideck was reasonably safe for operations and/or failed to warn Plaintiff of any latent dangers which the operator and/or subcontractor, owner/operator, and/or cleaning company was or should have been aware.

14. As a result of this incident, Plaintiff sustained severe injuries, the extent of which are not yet fully known, to the area of his back and spine, which injuries have required, and will continue to require for some time in the foreseeable future, extensive medical treatment, including, but not limited to, surgical intervention.

15. At all times relevant herein, Plaintiff was employed by Rotorcraft to transport oil field workers from Louisiana to platforms and/or from platform to platform located on the Outer Continental Shelf, some of which are operated by Defendant ISLAND OPERATING and/or owned and/or operated by Defendant WALTER.

## IV.  CAUSE OF ACTION

16. Plaintiff, MATTHEW HOLETON, is entitled to maintain this action and seek recovery from Defendants, ISLAND OPERATING, WALTER, and ABC CLEANING under the provisions of the statutes of the United States, more particularly the OCSLA, Title 43 § 1333, *et seq.* of the United States Code and additionally under the laws of State of Louisiana, including but not limited to Louisiana Civil Code Articles 2315, 2317, 2317.1 and 2322.

17. Defendants, ISLAND OPERATING, WALTER, and ABC CLEANING owed Plaintiff a duty to exercise reasonable care in ensuring the helideck was reasonably safe for operations and a duty to warn Plaintiff of any latent dangers which the Defendants were or should have been aware. This duty encompasses Plaintiff and his injuries, as it is reasonably

foreseeable that if the helideck was not in a reasonably safe condition, i.e., the glycol made it extremely slippery, and/or Plaintiff was not warned of the latent dangers, which led to his injuries. Defendants breached the aforementioned duty and as a direct result of Defendants' negligence Plaintiff suffered severe and debilitating injuries to his mind and body.

18. Defendants, ISLAND OPERATING and WALTER, are the subcontractor/operator and/or operator/owner of ST 127A, an offshore platform in a ruinous and/or defective condition which posed an unreasonable risk of harm to Plaintiff. At all times involved herein, offshore platform ST 127A was in Defendants' care or custody. Defendants knew or should have known of the ruinous and/or defective condition but failed to exercise reasonable care and/or neglected to repair the ruinous and/or defective condition, which would have prevented Plaintiff's injuries. Plaintiff's serious and debilitating injuries are a direct result of Defendants' failure to exercise reasonable care and/or negligence in repairing the ruinous and/or defective condition.

19. Prior to Plaintiff's injuries in the incident sued upon herein, Plaintiff worked on Defendants' offshore platforms for his employer, Rotorcraft, and was earning wages. Subsequent to the injuries sued upon herein, Plaintiff was required to seek medical attention, to suffer loss and impairment of his earning capacity, to suffer physical and mental pain and suffering and permanent disability, particularly, but not limited to, his back, spine, and other parts of his body, caused by the incident sued upon herein as set out herein.

20. Plaintiff specifically alleges the doctrine of *res ipsa loquitur* is applicable in this case.

21. Plaintiff requests that Defendants preserve all evidence regarding the incident and immediately make available for inspection, photographing, video recording, measuring,

sampling, and testing, the offshore platform as well as its appurtenances, equipment, tools, logs, records, and/or documents involved herein.

## V. JURY DEMAND

22. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## VI. DAMAGES

23. Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages for which Defendants are liable, as follows:

   a. Loss of wages, past;

   b. Loss of future earning capacity;

   c. Medical expenses, future;

   d. Physical pain and suffering, past;

   e. Physical pain and suffering, future;

   f. Mental pain and suffering, past;

   g. Mental pain and suffering, future;

   h. Permanent disability;

   i. Loss of enjoyment of life; and,

   j. All other damages reasonable in the premises.

## VII. PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff prays for judgment herein against Defendants, ISLAND OPERATING, WALTER, and ABC CLEANING, for damages as are reasonable in the premises and for all costs of these proceedings.

25. Plaintiff further prays for all general and equitable relief.

Dated:   June 23, 2016                              All of which is respectfully submitted,


   */s/ Hugh P. Lambert*
**HUGH P. LAMBERT, ESQ. (LA Bar #7933)**
**CAYCE C. PETERSON, ESQ. (LA Bar #32217)**
**JACKI SMITH, ESQ. (LA Bar #34769)**
**MORGAN EMBLETON, ESQ. (LA Bar #35769)**
The Lambert Firm, PLC
701 Magazine Street
New Orleans, Louisiana 70130
T: (504) 581-1750; F: (504) 529-2931
hlambert@thelambertfirm.com
cpeterson@thelambertfirm.com
jsmith@thelambertfirm.com
membleton@thelambertfirm.com
*Counsel for Plaintiff*