UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MATTHEW HOLETON**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 16-11469**

**ISLAND OPERATING COMPANY, INC.                             SECTION "B"(5)**
**ET AL.**

## ORDER & REASONS

Considering the Defendant Greene's Energy Group's ("Defendant Greene"), "Motion for Summary Judgment" (Rec. Doc. 62), and Plaintiff's Response (Rec. Doc. 63),

**IT IS ORDERED** that the Motion is **GRANTED.**

On June 28, 2015, a helicopter piloted by Plaintiff Matthew Holeton ("Plaintiff") slid off the helideck and landed into the Gulf of Mexico. According to Plaintiff's Complaint, the helicopter allegedly slid off of the platform because its surface was unusually slippery as a result of cleaning work improperly performed and/or maintained on the platform earlier that week. Rec. Doc. 1. Plaintiff claims severe injuries to his back and spine, as well as his "mind", as a result of the above incident. *Id*.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The location of the alleged incident provides that the instant case is governed by the Outer Continental Shelf Lands Act ("OCSLA"). 43 U.S.C. § 1333(a)(1). The Supreme Court has said that:

> The purpose of the Lands Act was to define a body of law applicable to the seabed, the subsoil, and the fixed structures ... on the outer Continental Shelf. That this law was to be federal law of the United States, applying *state law only as federal law* and then only when not inconsistent with applicable federal law, is made clear by the language of the Act.

*Rodrigue v. Aetna Cas. & Sur. Co.,* 395 U.S. 352, 354, (1969) (Emphasis added.). Further, the Fifth Circuit has provided a test for when adjacent state law is to apply as surrogate federal law under OCSLA: (1) the controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto); (2) Federal maritime law must not apply of its own force; (3) the state law must not be inconsistent with Federal law. *Union Texas Petroleum Corp. v. PLT Eng'g, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990).

All of these conditions are met in this case. The Parties agree that Plaintiff's alleged incident occurred on an offshore helicopter platform off the Gulf of Mexico—a situs covered by OCSLA. Plaintiff cited OCSLA in his Complaint, and neither party

has asserted that federal maritime law is controlling here, and this Court agrees. Finally, applicable Louisiana tort law is not inconsistent with federal law in this instance. Consequently, Louisiana Civil Code Articles 2315, 2317, and 2317.1 are to apply.

Louisiana Civil Code Article 2317 provides a strict liability scheme. La. Civ. Code Ann. art. 2317; *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 975 (5th Cir. 1991). Thus, "the necessary elements for the plaintiff to prove are that the defendant had custody of the thing, that the thing had a vice or defect, that the vice or defect created an unreasonable risk of harm, that the defendant failed to make the thing safe or to take adequate steps to prevent damage, and that the vice or defect was the cause of the damage." *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 975 (5th Cir. 1991).

However, in 1996, Article 2317.1 was enacted, essentially imposing a negligence-based standard on an owner's duty to know of a defect. "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code Ann. art. 2317.1.

It follows that under Louisiana law, both a claim for strict liability and negligence require that a duty of care was breached. "There is essentially no difference between the two types of claim under Louisiana law." *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 729 (5th Cir. 2017).

Here, Plaintiff acknowledges and offers no evidence that Defendant Greene exercised any care, custody, or control over the helideck platform in controversy. *See* Rec. Doc. 62-3 at 4 Deposition of Plaintiff Holeton; Rec. Doc. 62-4, Interrogatory Answers of Defendant Water Oil & Gas Corp.; Rec. Doc. 62-5, Interrogatory Answers of Defendant Island Operating Co.; Rec. Doc. 62-6 at pp. 2-4, Deposition of Rost; Rec. Doc. 62-7, Deposition of Lemaire. Undisputed evidence shows that Defendant Greene did not owe Plaintiff any duty of care in regard to the condition(s) of the helideck. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgement (Rec. Doc. 62) is hereby **GRANTED**, and all claims asserted by Plaintiff against Defendant Greene are **DISMISSED with prejudice** in the above-captioned matter.

New Orleans, Louisiana, this 17th day of January, 2018.

SENIOR UNITED STATES DISTRICT JUDGE